**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No.: 8:16-cr-488-WFJ-AEP

RONALD DOUGLAS ALDERMAN

_____/

**<u>ORDER</u>**

Citing Amendment 821 to the United States Sentencing Guidelines, Ronald

Douglas Alderman, USM#: 51027-018, moves, *pro se*, (Dkts. 42, 52) for a

reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United

States Sentencing Guidelines, to permit a two-level decrease to a defendant's

offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the

absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence

might warrant a retroactive reduction if the advisory sentencing range on which the

defendant's sentence was based "has subsequently been lowered by the Sentencing

Commission . . . [and] if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if

the Sentencing Commission lowers the advisory sentencing range for a "particular

offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced."  Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On November 7, 2017, Ronald Douglas Alderman was sentenced to 188 months in prison under 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) for conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine (mixture).  Dkt. 40 at 1.  This 188-month sentence was to run consecutive to the sentence for the violation of supervised release in 8:09-cr-267-T-26AEP (credit for time served from Apr. 10, 2017).  *Id.* at 2.  There is also the related case of No. 8:16-cr-399-T-30JSS against another defendant.  Dkt. S-32 at 1.  Mr. Alderman's total offense level was 37.  *Id.* at 6.  He was assessed five (5) criminal history points, and his criminal history was category III.  *Id.* at 14.  Mr. Alderman's advisory sentencing range was 262-327 months.  *Id.* at 25.  The

Defendant requested a downward variance, to which the Government objected. Dkt. 38.  The Court varied downward three levels to a below-the guidelines sentence to remedy disparity in sentencing between co-defendants.  Dkt. S-41 at 3. The offense carries a ten-year mandatory minimum.  Dkt. S-32 at 25.  The Bureau of Prisons online inmate locator shows a release date from BOP custody of August 16, 2029.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Alderman's term of imprisonment of 188 months to below the minimum of the amended guideline range of 235–293 months in prison.  Dkt. S-47.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 50.  A motion for sentence reduction will not be filed on behalf of Mr. Alderman because he "received a sentence that was equal to or less than the minimum of the amended

guideline range as adjusted by a comparable substantial assistance departure, if applicable." *Id.* The Court provided 21 days for any *pro se* filing. Dkt. 51.

Defendant filed two *pro se* motions. Dkts. 42, 52. Defendant argues that all his co-defendants have been released, he was not found to be the leader of the conspiracy, and he has worked hard in prison and maintains a status of "premium" grade lead clerk in UNICOR. Dkt. 52. Defendant also contends that this case falls under Part A (not Part B for "zero point" offenders). Dkt. 42. Part A of Amendment 821 provides a retroactive adjustment for offenders under a criminal justice sentence whose criminal history was impacted by "status points." He argues that under Part A, he would not have received the two additional status points for committing the instant offense while on supervised release in No. 8:09-cr-267-T-26AEP. *Id.* at 5. He contends that his criminal history points would total three, not five, placing him in criminal history category of II, with an amended sentencing guideline range of 168–210. *Id.* Defendant overlooks, however, that his offense level would be lowered to 35, not 34, which carries an amended guideline range of 188–235. *See* Chapter 5, Part A (sentencing table).

The Court already granted a significant downward variance taking into account all the considerations set forth above. Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 188-month sentence.

4

This case and related cases involved a vast methamphetamine smuggling conspiracy. Defendant, a U.S. citizen, traveled to Mexico in 2016, where he arranged a purchase of two kilograms of methamphetamine, "Ice," in Tampa. Dkt. S-32 at 4; Dkt. 18 at 19–20. A second purchase of four kilograms of methamphetamine, "Ice," was set up in Tampa, where the drugs were seized. Dkt. S-32 at 5; Dkt. 18 at 20–21. While Defendant is to be commended for his hard work in prison, this factor does not warrant that this sentence be further reduced. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (*see id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Ronald Douglas Alderman's *pro se* motions (Dkts. 42, 52) for a reduction in sentence are **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on October 2, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE